IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 16-CR-2028-LTS |
| vs. | ) ) ) | |
| ALFREDO MORALES, | ) ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

IT IS HEREBY ORDERED THAT:

1. As a result of the guilty plea entered by defendant on December 28, 2016, to Count 1 of the Indictment, for which the Government sought forfeiture pursuant to 21 U.S.C. § 853, defendant shall forfeit to the United States:

any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

2. The Court has determined, based on the guilty plea entered by defendant on December 28, 2016, and the January 17, 2017, acceptance of the guilty plea, that the following property is subject to forfeiture pursuant to 21 U.S.C. § 853, that the defendant had an interest in such property, and that the government has established the requisite nexus between such property and such offense:

$8,910 in U.S. Currency seized from defendant on or about May 5, 2016, in Des Moines, Iowa.

3. Upon entry of this Order, the United States (or its designee) is authorized to seize the specific property subject to forfeiture identified above; to conduct any discovery the court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. The United States shall publish notice of the order and of its intent to dispose of the property pursuant to Rule 32.2(b)(6) of the Rules of Criminal Procedure in accordance with Supplemental Rule G(4)(a)(iii) of the Federal Rules of Civil Procedure. The United States may also, to the extent practicable, send notice to any person known to have an alleged interest in the subject property pursuant to Rule 32.2(b)(6) and in accordance with Supplemental Rule G(4)(b)(iii-iv) of the Federal Rules of Civil Procedure.

5. Pursuant to 21 U.S.C. § 853(n)(2), any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within (30) days from the final publication of notice on www.forfeiture.gov or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury. The petition shall be signed by the petitioner under penalty

of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n)(3).

6. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure if the Court determines that discovery is necessary or desirable to resolve factual issues. When discovery ends, a party may move for summary judgment under Federal Rule of Civil Procedure 56 pursuant to Fed.R.Crim.P. 32.2(c)(1)(B).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the defendant at sentencing—or at any time before sentencing if the defendant consents, and shall be made part of the sentence and included in the judgment.

8. The United States shall have clear title to the subject property following the Court's disposition of all third-party interests, or if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 19 day of January, 2017.

LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE